Thomas B. Wanamaker, Jr. v. Commissioner. Estate of Barclay H. Warburton, Deceased, Charles Egerton Warburton and Jane Alfred Warburton, Executors, and Estate of Mary B. Warburton, Deceased, Charles Egerton Warburton and Jane Alfred Warburton, Executors v. Commissioner. Rodman Wanamaker and Vivian Wanamaker, Husband and Wife v. Commissioner.
Wanamaker v. Commissioner
Docket Nos. 44289, 44290, 50769.
United States Tax Court
T.C. Memo 1955-65; 1955 Tax Ct. Memo LEXIS 273; 14 T.C.M. (CCH) 203; T.C.M. (RIA) 55065; March 21, 1955
George D. Webster, Esq., and Raymond C. Cushwa, Esq., for the petitioner in Docket No. 44289. George D. Webster, Esq., Raymond C. Cushwa, Esq., and Gustave F. Straub, Esq., for the petitioners in Docket No. 44290. C. Walter Randall, Jr., Esq., Packard Building, Philadelphia, Pa., for the petitioners in Docket No. 50769. Max J. Hamburger, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The respondent determined deficiencies in the income taxes of petitioners as follows: Petitioner
Dkt. No.
Year
Deficiency
Thomas B. Wanamaker, Jr.
44289
1948
$ 38,724.36
Estate of Barclay H. Warburton, et al.
44290
1948
103,383.08
Rodman Wanamaker and Vivian Wanamaker
50769
1948
41,911.96
*274 The issues common to all proceedings are the correctness of the respondent's action (1) in determining that certain distributions received by petitioners from a trust of which they are life beneficiaries constituted taxable income, and (2) in determining that such distributions were taxable to petitioners for 1948. Additional issues presented in the proceeding of Rodman Wanamaker and Vivian Wanamaker, Docket No. 50769, have been disposed of by stipulation. [Findings of Fact] All of the facts have been stipulated and are found accordingly Petitioners filed their individual income tax returns for the calendar year 1948 with the collector for the first district of Pennsylvania. The income tax returns of the Thomas B. Wanamaker Trust for the calendar years 1947 and 1948 also were filed with the collector for the first district of Pennsylvania. Petitioners Thomas B. Wanamaker, Jr., Estate of Mary B. Warburton, Deceased, and Rodman Wanamaker are the life beneficiaries of a trust, sometimes hereinafter referred to as Wanamaker Trust, created under the will of Thomas B. Wanamaker of Philadelphia, Pennsylvania, who died March 2, 1908. The income of the trust was to be distributed *275 to the life beneficiaries semi-annually. Pursuant to the terms of the trust provisions of the will of Thomas B. Wanamaker and as the result of the death of other beneficiaries of Wanamaker Trust, the interests of the petitioner-beneficiaries in the trust income during the years 1947 and 1948 were as follows: Thomas B. Wanamaker, Jr.
One-fourth
Mary B. Warburton
One-half
Rodman Wanamaker
One-fourth
Among the assets of the Wanamaker Trust was a parcel of improved real estate located in Philadelphia known as The North American Building. On January 30, 1926, the trustee sold the property for the sum of $1,775,000, receiving in payment therefor cash in the amount of $275,000 and $1,500,000 face amount of Class "A" 5 1/2 per cent coupon bonds of the purchaser, secured by a first mortgage on the property sold, maturing January 30, 1931. All interest on the bonds to and including the maturity date was paid when due. The principal of the bonds was not paid on the maturity date. Thereafter, the principal and subsequently accruing interest remained in default. On November 3, 1941, the trustee under the mortgage indenture foreclosed the mortgage and took title to the *276 property covered thereby for the benefit of the bondholders. Thereafter, on October 28, 1947, the trustee of Wanamaker Trust sold the $1,500,000 face amount of bonds owned by the trust, together with all rights inherent therein, to the One Twenty-One South Broad Corporation for $660,000 cash, thereby sustaining a capital loss of $840,000. The trustee of the trust held the $660,000 received from the sale of the bonds pending a determination by the Orphans' Court of Philadelphia County as to whether the proceeds should be apportioned between principal and income of the trust, in accordance with section 10 of Pennsylvania Principal and Income Act of 1947, and, if so, the amount properly allocable to income. Accordingly, the trustee, in January 1948, filed with the Orphans' Court of Philadelphia County an account entitled "Third Account," together with a computation of a proposed apportionment of the proceeds, suggesting that $264,736.46 (less court accounting costs and commissions) be allocated to income. The trustee's proposed apportionment was approved by an adjudication of the orphans' court, filed February 14, 1948, and such adjudication, no exceptions having been filed, *277 was confirmed by that court on March 2, 1948. For a period of three months from the latter date the court's action was appealable. However, on March 11, 1948, the trustee, in accordance with the court's adjudication, made distributions to the life beneficiaries as follows: Thomas B. Wanamaker, Jr.
$ 64,226.18
Mary B. Warburton
128,452.36
Rodman Wanamaker
64,226.17
The respondent determined that the abovementioned distributions constituted income to the respective petitioners and were taxable to them for 1948. The pleadings present two questions with respect to the foregoing determination of the respondent, namely, (1) whether the distributions in controversy were income to the petitioners, and (2) whether they were taxable to petitioners for 1948. Relying on sections 22(a) and 162(b) of the Internal Revenue Code of 1939, the respondent contends that the distributions were not only income to the petitioners but also were taxable to them for 1948. Petitioners contend that the distributions were not income to them and, in the alternative, granting that they were income, they were income to them for 1947 and not for 1948 as determined by respondent. [Opinion] *278 In view of the position taken by the parties, and granting for the purpose of discussion that the distributions were income to petitioners, we still consider the question of the year in which they were income. Section 162(b) permits a trust, in computing its net income for a given taxable year, to deduct the amount of its income for such year which is to be distributed currently by the fiduciary to the beneficiaries and taxes to the beneficiary the amount allowed as a deduction to the trustee "whether distributed * * * or not." A like question was involved in Estate of Robert L. Dula, 23 T.C. - No. 85 (January 18, 1955), where, as here, trust income was distributable currently to the life beneficiaries. There, decedent was the life beneficiary of a trust, part of the corpus of which consisted of interests in bonds and mortgages on two parcels of realty. After the mortgagors defaulted, the trustee foreclosed the mortgages and took title to the properties for the benefit of decedent. In 1944, the trustee sold one of the parcels and in 1945 sold the other. Each parcel was sold at a loss. The proceeds of the sales, consisting partly of cash and partly of undivided interests in bonds *279 and mortgages, were allocated between principal and income in accordance with local law, and portions thereof were credited to decedent in May 1945. Upon decedent's death in November 1945, the trust was terminated. The final account was filed with the surrogate's court in August 1946 and approved in November 1947. The taxpayer contended that until entry of the surrogate's decree in 1947 neither the decedent nor his estate had any right to receive the income. We concluded, from the cases there considered, that where the income of a trust is distributable currently it is taxable to the beneficiary for the year in which he acquires a present right to receive it, even though it is not actually distributed until a subsequent year. Since under local law the decedent became entitled to an allocable portion of the proceeds of sales in the years in which such sales occurred, we held that the decedent in 1944 acquired a present right to receive the allocable portion of the proceeds received from the sale in that year and that such portion of the proceeds was taxable to him for 1944. We also held that in 1945 the decedent acquired a present right to receive the allocable portion of the proceeds *280 received from the sale in that year and that such portion of the proceeds was taxable to him for 1945. Under local law the petitioners in 1947 acquired a present right to receive the distributions in controversy. That being the situation, petitioners, under the rule of the Dula case, were not taxable on them for a later year. In view of what has been said above, we conclude that respondent erred in determining that the distributions in question were taxable to petitioners for 1948. Having reached that conclusion, it becomes unnecessary to consider whether the distributions constitute income as respondent determined. Decisions will be entered under Rule 50.